# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTHONY WAYNE MANGUM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:09CV817<br>1:06CR58-1 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Anthony Wayne Mangum, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 52.)[1] Petitioner was indicted on one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (Docket No. 1.) He later pled guilty to the conspiracy count (Docket Nos. 22, 23) and was sentenced to 262 months of imprisonment (Docket No. 28). Petitioner pursued a direct appeal, but the judgment was affirmed. (Docket No. 40, 41.) Petitioner then filed his motion under § 2255. Respondent has filed a motion to dismiss Petitioner's § 2255 motion (Docket No. 60),

---

[1] This and all further cites to the record are to the criminal case.

Petitioner has filed a response (Docket No. 66), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Here, Petitioner's appeal was denied on March 27, 2008, and he then had 90 days, or until June 25, 2008, to file a petition for certiorari. S. Ct. R. 13.1. He did not do so, and his conviction became final on that date. Petitioner's time to file under subsection (f)(1) then began to run and expired a year later in June of 2009 without his having submitted a motion under § 2255. Petitioner's motion is not dated as having been signed and mailed until October 7, 2009, well after his

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

time to file had expired. The motion is out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Here, Petitioner raises three claims for relief. His first and third claims involve alleged problems at sentencing. Quite clearly, Petitioner knew of the facts underlying these claims at the time of his sentencing. Matters are less clear as to Petitioner's second claim for relief. In that claim, he asserts that the federal government has voluntarily relinquished jurisdiction over him. He bases this conclusion on the fact that he is in the custody of the State of Oklahoma for convictions he received there, that Oklahoma has ordered that he be transferred to federal custody, and that the United States Marshals have not yet taken him into federal custody. He sees this as a waiver or loss of jurisdiction. As for the timing of the

factual basis for his claim, Petitioner states that there have been two orders in Oklahoma stating that he should be transferred to federal custody. He states that he has attached both as exhibits, but actually includes only one. Nevertheless, the date on that order is January 29, 2009, which is less than a year from the time Petitioner's § 2255 motion was filed. (Docket No. 53, Proposition 2, Ex. 2.) It would appear from that exhibit that subsection (f)(4) covers this claim and renders it timely. Unfortunately, Respondent has not discussed this claim in relation to subsection (f)(4). For that reason, the Court cannot find that Petitioner's entire motion should be dismissed for being untimely filed.

Despite the apparent timeliness of at least a portion of Petitioner's motion,[3] the motion should still be dismissed. This is because Petitioner's claims are meritless on their face. As already stated, his first claim for relief deals with sentencing. Petitioner argues in his first claim that his sentence of 262 months is too high under the United States Sentencing Guidelines (USSG) based on the amount of drugs for which he was held accountable. He also claims that the higher sentence must have been the result of a statutory enhancement or a request for upward departure filed by the government. Petitioner's Presentence Report (PSR) reveals that he is incorrect. Petitioner's sentence was not calculated based on his drug amount, but on the fact that he was a career offender under USSG § 4B1.1. (PSR ¶ 25.)

---

[3] Petitioner contends that all of his claims are timely because his detention in Oklahoma inhibited his ability to research and file his claims in this Court. As will be discussed, Petitioner's § 2255 motion can be dismissed on an alternative basis. Therefore, the Court does not need to discuss Petitioner's timeliness argument.

-4-

That provision states that where a career offender is charged with a crime that carries a maximum statutory penalty of life imprisonment, his base offense level under the Guidelines will be 37 with a criminal history category of VI. Here, Petitioner's conviction did carry a maximum penalty of life imprisonment. (Docket No. 22, ¶ 2(a).) The PSR reduced the offense level to 34 based on Petitioner's acceptance of responsibility. (PSR ¶¶ 26, 27.) The sentencing range associated with level 34 and a criminal history category of VI is 262 to 327 months of imprisonment. Petitioner's sentence was at the bottom of this range, with no enhancement or upward departure. The record clearly reveals that Petitioner's sentence was within the appropriately calculated Guidelines range[4] and that his first claim for relief fails.

Petitioner's second claim is that the federal government[5] has somehow waived or relinquished jurisdiction over him because he has not been taken into federal custody even though the courts of Oklahoma have ordered that he be turned over to federal officials. There are any number of problems with this claim. First, as Petitioner notes, it is a "unique" claim. (Docket No. 53, Proposition 2 at 1.) It is also one for which he provides no legal

---

[4] On direct appeal, the Fourth Circuit Court of Appeals found that Petitioner was properly sentenced as a career offender. (Docket No. 40.)

[5] At times, Petitioner refers to the State of North Carolina. Even though Petitioner's prosecution occurred in North Carolina, his conviction was in federal court and he is subject to the jurisdiction of the government of the United States. So far as the Court is aware, the State of North Carolina has no current charges or convictions as to Petitioner and, therefore, no pending claim of custody over him. If any such claim did exist, it would be outside the scope of these proceedings.

support or precedent. Second, it relies on the questionable assertion that a state can order federal authorities to take custody of a prisoner even though the prisoner has remaining time to serve on his state prison sentences. Oklahoma's computerized records indicate that Petitioner is in the custody of that state serving two concurrent prison sentences, the longer of which does not expire until December 9, 2013. *See* http://docapp065p.doc.state.ok.us/ servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=576606& offender_book_id=350079 (search for Anthony Mangum last completed May 26, 2010). Finally, Petitioner does not even begin to explain how actions of the Marshals Service or Bureau of Prisons could invalidate a judgment of this Court or remove jurisdiction over the case. Petitioner's claim, while novel and inventive, is without merit.[6]

Finally, Petitioner's third claim states in its entirety that "I objected to my PSR, and sentence." (Docket No. 52, Ground Three.) Petitioner gives no supporting facts or argument. As such, the third claim is just a bald statement that means nothing. Any past objections raised by Petitioner were obviously resolved prior to, or at, sentencing or on appeal. He gives no reason to revisit any of those matters now. The third claim is not really a claim at all, just a statement. It should be denied along with Petitioner's other claims.

---

[6] Petitioner also states that any federal detainer lodged against him should be removed. This issue would also be outside the scope of a § 2255 proceeding.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 60) be granted, that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 52) be dismissed, and that this action be dismissed.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: June 22, 2010