IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTHONY WAYNE MANGUM,      )
                           )
        Petitioner,        )
                           )   1:13CV967
    v.                     )   1:06CR58-1
                           )
UNITED STATES OF AMERICA,  )
                           )
        Respondent.        )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Anthony Wayne Mangum, a federal prisoner, brings what the Court treated as a Motion [Doc. #98] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes with a Response [Doc. #101]. Petitioner pled guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). He received a sentence of 262 months imprisonment as a career offender under USSG § 4B1.1. In his Motion and Reply [Doc. #103], Petitioner primarily challenges his status as a career offender based on three cases decided after his direct appeal concluded in early 2008. First, he contends that his sentence is no longer valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for the predicate felonies supporting the career offender enhancement. Second, he claims that the career offender enhancement is not valid following Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151, 186 (2013), because the enhancement increased his mandatory minimum penalty based on conduct not alleged in the indictment or proved

to a jury. Finally, he raises a claim under United States v. Davis, 720 F.3d 215 (4th Cir. 2013), based on the fact that two robbery convictions supporting his career offender enhancement were consolidated into a single judgment.

In Response, the Government first contends that the Court lacks jurisdiction to consider Petitioner's Motion under § 2255 because Petitioner filed a previous § 2255 Petition and has not received authorization from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). Notwithstanding this provision, relief pursuant to 28 U.S.C. § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Jones, 226 F.3d at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)).

Moreover, the United States Court of Appeals for the Fourth Circuit recently addressed the question of whether a career offender challenge was cognizable on collateral review, and held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850

2

(2015). Therefore, Petitioner's challenges to his career offender designation in this case is not cognizable in this collateral review proceeding.

Petitioner also makes a claim that his attorney provided ineffective assistance of counsel by not anticipating <u>Simmons</u> and <u>Alleyne</u>. This claim also quickly fails because counsel is not ineffective for failing to anticipate changes in the law. See <u>Lenz v. Washington</u>, 444 F.3d 295, 306-07 (4th Cir. 2006) (citing <u>Kornahrens v. Evatt</u>, 66 F.3d 1350, 1360 (4th Cir. 1995)).[1]

Finally, Petitioner includes claims for relief under 18 U.S.C. § 3582(c)(2) based on amendments to the United States Sentencing Guidelines. Such claims are not appropriate in a § 2255 proceeding. Moreover, Petitioner currently has a separate Motion [Doc. #94] under § 3582 pending in this Court. He can pursue any claims under § 3582 in that Motion. His § 2255 Motion should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion [Doc. #98] to vacate, set aside or correct sentence under 28 U.S.C. § 2255 be denied and that this action be dismissed.

This, the 21st day of September, 2015.

                                                                         /s/ Joi Elizabeth Peake
                                                                         United States Magistrate Judge

---

[1] The Government also contends that Petitioner's claims are barred by the applicable statute of limitations. This argument also defeats Petitioner's § 2255 Motion. See <u>Whiteside v. United States</u>, 775 F.3d 180, 187 (4th Cir. 2014) (en banc) (holding that <u>Simmons</u> did not create an exception to the applicable statute of limitations). In addition, as noted by the Government, <u>Alleyne</u> involves statutory mandatory minimum sentences and would not apply to the career offender determination under the Guidelines.

3